GARRICK S. LEW (CASB 61889)
Law Offices of Garrick S. Lew & Associates
600 Townsend Street, Suite 329E
San Francisco, CA 94103
Telephone: (415) 575-3588
Facsimile: (415) 522-1506
gsl@defendergroup.com

Attorney for Defendant CARMEN CHAN

MATTHEW A. SIROKA (CASB #233050)
LAW OFFICES OF MATTHEW A. SIROKA
600 Townsend Street Suite 329E
San Francisco, California 94103
Telephone: (415) 522-1105
Facsimile: (415) 522-1506

Attorney for Defendant PAUL LEUNG

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-0428 MMC |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER CONTINUING DATE FOR CHANGE OF PLEA HEARING |
| vs. | |
| CARMEN CHAN and PAUL LEUNG, | |
| Defendants. | |

This matter is currently on the Court's calendar for change of plea hearing this Wednesday, May 21, 2008. The parties hereby stipulate to continue the date to July 9, 2008 for the reasons set forth herein.

At the outset, the Court should be aware that all parties are confident the matter will resolve by way of plea, but both sides have had to undertake significant legal and factual investigation in order to determine the appropriate restitution amount as well as negotiate a proper disposition.

At the last calling of the case, the government provided the defense with a written proposed plea agreement that included approximately ten pages of detailed analysis and discussion involving California wage and hour law. Defendants conducted their own investigation into the assumptions behind the

1

government's proposed and responded with a detailed analysis and exhibits including recent a recent California appellate case that has bearing on the proper calculation of restitution in this matter.

The parties are negotiating in good faith, but require more time to reach agreement on the appropriate methodology and calculation of back wages due. In addition, there is a parallel civil case based around the same incidents that give rise to the instant action, and the defendants are attempting to negotiate a settlement with plaintiff's counsel in that case. With the additional time, achieving a final settlement with the government will facilitate settlement with plaintiffs in that case as well.[1]

In addition, defendants have a pre-planned business trip from June 3 - June 12. Mr. Lew is in trial in Alameda County Superior Court the week of June 16 and that date is firm. AUSA Barton is in trial the week of June 23, and Mr. Siroka has a preplanned vacation the following week.

The parties agree that the ends of justice served by the continuance requested herein outweigh the best interest of the public and the defendants in a speedy trial because the failure to grant the continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Time should therefore be excluded pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

SO STIPULATED.

DATED: May 19, 2008

| /s/ Denise Marie Barton | /s/Garrick S. Lew | /s/Matthew A. Siroka |
|---|---|---|
| Counsel for the Government | Counsel for Defendant Chan | Counsel for Defendant Leung |

---

[1] The settlement discussion in the civil case is do not involve the U.S. Attorney's Office, rather it is that the agreed-upon restitution calculations in this case will carry great weight with the parties in the civil case, such that settlement should follow in due course.

ORDER

Good cause appearing;

IT IS HEREBY ORDERED that the change of plea hearing in this matter be continued until July 9, 2008.

IT IS FURTHER ORDERED that time under the Speedy Trial Act be excluded pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv). The Court finds the ends of justice served by the continuance requested herein outweigh the best interest of the public and the defendants in a speedy trial because the failure to grant the continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Specifically, the time period beginning May 21, 2008 and ending July 9, 2008 is excluded in computing the time within which the trial must commence.

DATED: May 20, 2008

_____
The Honorable Maxine M. Chesney
United States Magistrate Judge

3